UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Acquisition 362, LLC dba<br>Strategic Import Supply, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>United States,<br><br>      Defendant. | Court No. 24-cv-00149 |

## COMPLAINT

Plaintiff Acquisition 362, LLC dba Strategic Import Supply, LLC ("Plaintiff"), by and through its undersigned counsel and for its Complaint against Defendant United States ("Defendant"), does hereby state and allege as follows:

### JURISDICTION AND STANDING

1. This is a civil action commenced to challenge the denial of a protest under Section 515 of the Tariff Act of 1930, 19 U.S.C. §1514.

2. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(a).

3. As the importer of record of the merchandise that is the subject of the relevant protest, and as the party that filed the relevant protest pursuant to 19 U.S.C. §1514, Plaintiff has standing to bring this action pursuant to 28 U.S.C. §2631(a).

4. The U.S. Customs and Border Protection ("CBP") is an agency of the Defendant.

5. The protests that are the subject of this action, Nos. 270424169333, 270424169350, 270424169351, 270424169352, 270424169353, 270424169354, and 270424169355 (the "Protests"), was timely filed with CBP within 180 days of the date of notice of liquidation.

6. The Protests that are the subject of this action were denied by CBP, and notice of said denials were emailed by CBP to Plaintiff on February 16, 2024. This action was timely commenced within 180 days after the date of notice of protest denial pursuant to 28 U.S.C. §2632 and 19 C.F.R. §174.31.

7. All duties, charges, and exactions assessed as a result of the challenged assessment at issue herein pertaining to the Entry protested in the Protests were paid before the commencement of this action.

## STATEMENT OF FACTS

8. Plaintiff is a United States importer of certain passenger vehicle and light truck tires, including the subject tires in this action (the "Tires"), which consist of certain tires as specified on ACN11486170, ACN11486139, ACN11517529, ACN11536594, ACN11545173, ACN11552450, and ACN11552484 (the "Entries").

9. The Tires were manufactured by Qingdao Qihang Tyre Co., Ltd. ("Qingdao"), as evidenced by the purchase orders, commercial invoices, packing lists, bills of lading, and evidence of wire transfers between Plaintiff and Qingdao.

10. Plaintiff presented a completed 7501 form to CBP in connection with each of the Entries.

11. The antidumping duties ("AD") rate assigned to manufacturer Qingdao at the time of the Entry was 12.83%.

12. Plaintiff paid the AD rate of 12.83% for the Entry.

13. However, following the Department of Commerce's ("DOC") issuance of the sixth administrative review of the order on OTR tires from China and litigation by Qingdao challenging certain aspects of the final results, commerce assigned Qingdao a new AD rate of 13.93% for the time of entry. *See Certain New Pneumatic Off-The-Road Tires From the People's Republic of China; 2013-2014:Notice of Court Decision Not in Harmony With Final Results of Administrative Review and Notice of Amended Final Results of Antidumping Duty Administrative Review,* 84 FR 5057 (Feb. 20, 2019) (the "Amended Final Results").

14. Despite being assigned an AD rate of 13.93% for the time of entry by the Amended Final Results, the AD calculation assessed to Plaintiff by CBP bill numbers 60154142, 60151673, 60151669, 60151660, 60151662, 60151655, and 60151661 (the "Bills") is 92.48%, which represents the all-China rate of 105.31% less the 12.83% Qingdao separate rate previously paid by Plaintiff.

15. On September 5, 2019, Plaintiff filed protests (Protest Nos. 270419104464, 270419104485, 270419104487, and 270419104462) and on September 23, 2019, Plaintiff filed protests (Protest Nos. 270419104608, 270419104609, and 270419104611) (the "First Protests") each challenging the AD rates assessed by CBP for the Entries and requesting CBP issue revised bills to reflect the correct AD rate assigned to Qingdao for the time of each entry.

16. Plaintiff was notified via email that all of the First Protests had been denied in part "based on DOC message 9080307." The protest denials instructed Plaintiff to contact the "Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce [the "Call Center"] at (202) 482-0984" with any questions about message 9080307.

17. After receiving notice of denial of the First Protests, the Call Center was contacted as instructed in the denial to request a copy of DOC message 9080307 dated 03/21/2019. The DOC representative indicated that message 9080307 could not be shared on the grounds that it included non-public, proprietary information.

18. In February 2024, the Call Center was again contacted to request a copy of message 9080307. DOC representative Davina Friedman again stated that message 9080307 was non-public but suggested that the Customs Center of Excellence and Expertise ("CEE") may be able to provide additional guidance.

19. Repeated requests made to the CEE in 2023 and again in 2024, as suggested by the DOC representative, did not provide Plaintiff with any access to message 9080307.

20. On February 13, 2024 and February 14, 2024, Plaintiff filed the Protests that are the subject of this Action, challenging CBP's partial protest denials and arguing that Plaintiff's inability to access the non-public message cited in the protest denials violated 16 CFR § 174.30 and requested that CBP issue a revised bill to reflect the correct the AD rate assigned to Qingdao for the time of entry from the all-China rate to the rate established by the Amended Final Results (less the amounts previously paid by Plaintiff at the time of entry).

21. On February 16, 2024, Plaintiff was notified via email that the Protests had been denied "based on DOC message 9080307."

22. Because Plaintiff still has no access to necessary information regarding the denial of the Protest, despite numerous and repeated efforts to obtain message 9080307, Plaintiff timely commenced this litigation pursuant to 19 C.F.R. §174.31, within 180 days after the date of mailing of notice of denial of Plaintiff's Protests.

## CAUSES OF ACTION

### Count I

23. Plaintiff reasserts and incorporates by reference the above-stated paragraphs as if fully set forth herein.

24. Under 16 CFR § 174.30, a notice of denial of protest is required to "include a statement of the reasons for the denial."

25. The reason provided by CBP in its denial of Plaintiff's Protest cited non-public message 9080307, which gave Plaintiff no indication as to why Plaintiff's Protest was denied.

26. When Plaintiff repeatedly attempted to obtain a copy of message 9080307 from multiple sources, its requests were repeatedly denied.

27. Accordingly, by failing to provide Plaintiff with access to message 9080307 or any other information concerning why Plaintiff's Protest was denied, in full or in part, CBP has failed to adequately provide Plaintiff with a "statement of the reasons for the denial [of protest]" as required by 16 CFR § 174.30.

### Count II

28. Plaintiff reasserts and incorporates by reference the above-stated paragraphs as if fully set forth herein.

29. Plaintiff contests CBP's assessment of AD liabilities for the Entries at the all-China rate of 105.31%.

30. Based on the above-referenced Amended Final Results (Feb. 20, 2019), the Tires should be assessed AD liability at the rate of 13.93% for the time of entry.

31. Accordingly, Plaintiff asserts that CBP must properly assess the Tires at the AD liability rate of 13.93% pursuant to the Amended Final Results.

**WHEREFORE**, Plaintiff Acquisition 362, LLC dba Strategic Import Supply, LLC prays for judgment in its favor that:

1. Plaintiff is allowed access to DOC message 9080307 dated 03/21/2019, which serves as a basis for CBP's denial of Plaintiff's Protest.

2. The Tires are properly assessed AD liability at the rate of 13.93% in accordance with the Amended Final Results.

3. The CBP bill associated with ACN11486170, ACN11486139, ACN11517529, ACN11536594, ACN11545173, ACN11552450, and ACN11552484 are each revised in an amount equal to 1.1% weighted-average AD margin, representing the difference between the amount previously paid at 12.83% and the newly assessed weighted-average AD margin found in the Amended Final Results at 13.93%.

4. Plaintiff shall be awarded the costs of suit incurred herein and such other and further relief as this Court deems appropriate and just under the circumstances.

Dated: August 8, 2024            **COZEN O'CONNOR**

By: */s/ Heather L. Marx* .
    Heather L. Marx
    Thomas G. Wallrich
    Samuel E. Mogensen
    33 South Sixth Street, Suite 3800
    Minneapolis, MN 55402
    Telephone: 612-260-9000
    Fax: 612-260-9084
    hmarx@cozen.com
    twallrich@cozen.com
    smogensen@cozen.com

**ATTORNEYS FOR PLAINTIFF ACQUISITION 362, LLC DBA STRATEGIC IMPORT SUPPLY, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be filed using the United States Court of International Trade's Electronic Filing System, and that a copy of the above-referenced document was sent by certified mail, return receipt requested to the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, Washington DC 20530.

                                                */s/Heather L. Marx*
                                                Heather L. Marx

LEGAL\72046264\1 3469901/00482359